UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | No.: 18-cr-42 (RMC) |
| v. : | **FILED** |
| MARCEL VINES, : | MAY 1 8 2018 |
| Defendant. : | Clerk, U.S. District and Bankruptcy Courts |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### *Elements of the Offense*

The essential elements of the offense of Escape from Custody, in violation of 18 U.S.C. § 751(a), each of which the government must prove beyond a reasonable doubt, are:

1. Defendant Marcel Vines voluntarily departed from custody while knowing that his actions would result in his leaving custody and/or physical confinement without permission;

2. That he was in the custody of the Attorney General, or confined in an institution at the direction of the Attorney General; and

3. That such custody or confinement was pursuant to a judgment of conviction or other process issued under the laws of the United States.

### *Brief Statement of Facts*

The following statement of facts does not purport to include all of the government's evidence against the defendant. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea. Had this case gone to trial, the government would have proven the following facts beyond a reasonable doubt.

1. On June 17, 2016, the defendant Marcel Vines (the "Defendant"), was convicted of Possession with the Intent to Distribute a Controlled Substance (PCP) and Unlawful Possession of a Firearm (Prior Conviction) in the District of Columbia Superior Court, case number 2015-CF2-015181. District of Columbia Superior Court Judge Neal Kravitz sentenced the Defendant to 16 months incarceration on the charge of Possession with the Intent to Distribute a Controlled Substance (PCP) and 18 months incarceration on the charge of Unlawful Possession of a Firearm (Prior Conviction), to run consecutively, followed by five years and three years of supervised release, respectively.

2. The Defendant was serving his sentence at the Federal Correctional Institution in Fairton, New Jersey. As part of the Defendant's sentence, he was found eligible to complete the remainder of his sentence at the Residential Reentry Center in Washington, D.C. (Hope Village, Inc., 2840 Langston Place, S.E., Washington, D.C.) (hereinafter, "Hope Village").

3. On October 2, 2017, the Defendant signed a Furlough Application acknowledging his understanding of the terms of the furlough release conditions and transfer to Hope Village. The Defendant's Conditions of Furlough included the Defendant's agreement that while on furlough, he is subject to prosecution for escape if he fails to return to the institution at the designated time.

4. On November 14, 2017, the Defendant arrived at Hope Village.

5. On December 28, 2017, the Defendant signed out of Hope Village on a pass at 0905 hours with a return time of 1200 hours. The Defendant did not return to Hope Village by 1200 hours on December 28, 2017, nor did he return to Hope Village at a later time or date.

6. At the time of the Defendant's failure to return to Hope Village, he was in the custody of the Attorney General, or confinement in an institution where the prisoner is confined

by the direction of the Attorney General.

                                            Respectfully submitted,

                                            JESSIE K. LIU
                                            United States Attorney
                                            D.C. Bar No. 472845

By:   _____
                                            David Misler
                                            D.C. Bar No. 991475
                                            Assistant United States Attorneys

*[space intentionally left blank]*

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to Escape from Custody, in violation of 18 U.S.C. § 751(a). I have discussed this proffer fully with my attorney, Michelle Peterson, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 5-18-18

_____
Marcel Vines, Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea to Escape from Custody, in violation of 18 U.S.C. § 751(a). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 5/18/18

_____
Michelle Peterson
Counsel for Defendant