**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                                          ) | Case. No. 18-42 (RMC) |
| ) | |
| **MARCEL VINES**                ) | |
| ) | |
| **Defendant.**                     ) | |

## MEMORANDUM IN AID OF SENTENCING

On March 18, 2018, Mr. Marcel Vines entered a guilty plea in violation of 18 U.S.C. § 751(a) for Escape from Custody. The charge was brought after Mr. Vines left the halfway house where he was serving the last portion of a prior sentence. He has already served the remainder of that prior sentence, including the additional time he had to serve as a result of the loss of good time credit he had earned while serving his sentence. He will appear before this Honorable Court for sentencing on July 12, 2018 and respectfully requests that the Court sentence him to a period of time-served.

### Factual Background

Mr. Vines fully acknowledges having failed to serve the entire sentence on his prior case by virtue of walking away from the halfway house. Mr. Vines was convicted of possession with intent to distribute PCP and possession of a firearm in D.C. Superior Court on June 17, 2016 to a term of 34 months incarceration to be followed by five years of supervised release. PSR 12. He was serving his sentence at the FCI in Fairton, New Jersey when he was found eligible to complete the last few months of his sentence at Hope Village. He arrived at Hope Village on November 14, 2017, and on December 28, 2017, he left on a pass and failed to return. PSR 13. He was arrested

on January 6, 2018, and has been in continuous custody since that date. He was indicted on the escape charge on February 27, 2018, and was arrested in this case on March 7, 2018. He entered a guilty plea to that charge on March 18, 2018. Because his custodial sentence for his prior offense was not completed until June 14, 2018, he will only begin receiving credit by the BOP towards any sentence this Court imposes, beginning on that date despite the fact that he has been in continuous custody since January 6, 2018.

Prior to late 2017, people who walked away from a halfway house in the District of Columbia were returned to the custody of the BOP to serve the remainder of their sentences, but were not charged with Escape. Under what has been described as a "pilot program," this practice changed in late 2017.

## Argument

### I. The § 3553(a) Factors Weigh in Favor of the Requested Sentence

When imposing a sentence, the Court must consider:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed -

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

> (4) the kinds of sentence and the sentencing range established for [the applicable offense and the applicable category of defendant as set forth in the United States Sentencing Guidelines];
>
> (5) any pertinent policy statement [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a); *United States v. Booker*, 543 U.S. 220, 259 (2005).

Congress has further provided that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is *not* an appropriate means of promoting correction and rehabilitation.

*See* 18 U.S.C. § 3582 (emphasis added).   With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, *but not greater than necessary*, to comply with the purposes [of sentencing]."   18 U.S.C. § 3553(a) (emphasis added).

### A.   The United States Sentencing Guidelines

The PSR calculates Mr. Vines's guidelines range consistent with what the parties estimated in the plea agreement: a total offense level of 7 (after subtracting two points for acceptance of responsibility), and criminal history category IV, which results in an advisory guidelines range of 8 to 14 months.   Pursuant to the plea agreement, the government has agreed not to request a sentence over 10 months and Mr. Vines is free to ask the Court to sentence him to a term less than the guidelines range.

Once the Court correctly calculates the sentence that the Guidelines recommend, the Court

must then "make an individualized assessment," considering the remaining factors set forth in § 3553(a). *Gall v. United States*, 552 U.S. 38, 50 (2007). Because the Guidelines merely reflect a "wholesale" view "rough[ly] approximat[ing] . . . sentences that might achieve § 3553(a)'s objectives," *Booker* and § 3553(a) require the Court to tailor an individualized sentence that actually does achieve § 3553(a)'s objectives in the case before it. *Rita v. United States*, 551 U.S. 338, 348, 350 (2007). Consequently, this Court must "filter the Guidelines' general advice through § 3553(a)'s list of factors." *Id*. at 358; *see also Gall*, 128 S.Ct. at 598 ("'It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'" (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996))).

Here, the § 3553(a) factors weigh in favor of the requested sentence of time-served.

**A. The Nature and Circumstances of the Offense and Characteristics of the Offender**

Mr. Vines recognizes that his conduct was not only wrong, it was illegal. He has demonstrated early and sincere acceptance of responsibility. Immediately upon his appearance in court he indicated a desire to plead guilty. The Court should consider this early acceptance of responsibility as deserving more consideration than a mere two levels off his offense level – something he would have been entitled to even had filed motions and waited until the night before trial to plead guilty – when deciding what sentence to impose.

As documented throughout the PSR, Mr. Vines is a 22 year old young man with 9 criminal history points – nearly all of which were acquired while he was either a juvenile or young adult under the age of 21. It is well-established that young adult's decision making processes are not

fully developed until much later.  While he is legally an adult, he is barely one and neurologically, he is still very immature.

Mr. Vines suffers from PTSD that was diagnosed in December 2012 after his friend was murdered and his brother was shot in the head.  PSR 49.  Tellingly, while he was diagnosed, he was apparently not treated.  He has obtained his GED and has previously participated in jobs programs, demonstrating an ability to work.

Here, there are many reasons to vary from the guidelines.  First, Mr. Vines has been in custody since January 6, 2018.  Second, his criminal history was increased by two points because he was serving a sentence at the time of the escape – a fact that is necessarily true because of the nature of the charge.  Third, he was required to serve out his sentence on the underlying charge and lost all of his good time credit because of walking away from the halfway house, something that would not have occurred had the case been brought only a few months earlier before the "pilot program" began, thus making his sentence more harsh than that of similarly situated defendants during the past year.  At least one judge in this District, Judge Amit Mehta, has used similar rationale for varying downward from the guidelines in an escape case.

**B.     The Purposes of Sentencing**

As noted earlier, 18 U.S.C. § 3553(a) directs the Court to consider four objectives of federal sentencing to impose a sentence that is "sufficient, but not greater than necessary" to achieve those goals.  The Sentencing Reform Act requires the Court to impose a sentence that not only will reflect the seriousness of the offense and promote respect for the law, but also will provide just punishment, afford deterrence to criminal conduct, and protect the public from further crimes of the defendant.  Here, the Court can fully achieve these sentencing goals with a sentence

of time-served. Any additional incarceration would be unnecessarily harsh given Mr. Vine's background and circumstances.

### C. The Need to Avoid Unwarranted Disparities

As noted above, imposing a sentence of time-served also serves the sentencing goal of avoiding unwarranted disparities "among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). This is so because until recently, defendants in this jurisdiction who were arrested for the same conduct as Mr. Vines —of walking away from a halfway house—were sent back to the Bureau of Prisons to serve the remainder of their sentence in prison, rather than in a halfway house. It is only as the result of a recent pilot program implemented in this jurisdiction that a number of defendants—of whom Mr. Vines is one of the first – are being charged in District Court with the crime of Escape and facing up to five years of additional incarceration. Mr. Vines already had to serve the remaining portion of his 2014 sentence.

As part of his sentence for the earlier offense, Mr. Parker will be on supervised release for five years. If he is found to be in violation, his supervision could be revoked and he would face additional incarceration. Any term of supervision imposed by this Court would therefore be duplicative and would also create unwarranted sentencing disparities between Mr. Vines and any defendant who may have committed the same crime just months before he did, who would not be subject to supervision by both Superior Court and District Court. Not only is a term of supervision in connection with the instant offense unnecessary, it would also place an undue burden on precious resources and potentially create an administrative quandary as Mr. Vines would be supervised by two separate entities.

## **Conclusion**

For all of the foregoing reasons and other reasons that may be presented at the sentencing hearing, Mr. Vines respectfully requests that this Honorable Court sentence him to a term of time-served.

                                      Respectfully submitted

                                      A. J. KRAMER
                                      FEDERAL PUBLIC DEFENDER

                                            /s/
                                      _____

                                      Michelle Peterson
                                      First Assistant Federal Public Defender
                                      625 Indiana Avenue, N.W.
                                      Suite 550
                                      Washington, D.C. 20004
                                      (202) 208-7500